

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. J. Luckett
County Attorney
Comal County
New Braunfels, Texas

Dear Sir:

Opinion No. O-1684
Re:  Is the county entitled to collect
the prosecuting attorney's fees in
misdemeanor cases in the district
court in counties having no resident
district attorney and having no
county court at law, where the dis-
trict attorney is paid a salary by
both the state and county?

Your letter, requesting the opinion of this depart-
ment on the above question reads as follows:

"I would appreciate an opinion from your department
on the following question:

"'Is the county entitled to collect the prosecuting
attorney's fee on misdemeanor cases in District Court in
counties having no resident District Attorney and having
no County Court at law, where District Attorney is paid
salary by both state and county?'

"I have checked the authorities and do not find that
this matter has ever been passed on by our courts.

"In our county the Grand Jury convenes twice a year
and all cases above the grade of Justice Court misdemeanor
cases come to trial in District Court either on an indict-
ment or on an information. These misdemeanor cases are
ordinarily within the jurisdiction of a County Court at
law, but this county does not have a County Court at law,
all jurisdiction having been conferred upon the District
Court by general statute.

Honorable A. J. Luckett, page 2

"The District Clerk of Comal County, Texas, has on hand the attorney fees in several misdemeanor cases covered by Art. 1061, C.C.P., being costs paid by the defendant. He has attempted to pay this money to the comptroller department, but his check was returned with a letter stating that these fees should be deposited to the proper fund, without stating where or how.

"It would seem proper to me that the prosecuting attorney's fees in misdemeanor cases should be paid to the county rather than to the state, as these are cases which ordinarily would be tried by a County Court at law. In the event you determine that the county should not receive this fee, then kindly state who should receive it."

The 18th Legislature, Regular Session, Acts 1883, March 16, Chapter 35, page 24, diminished the civil and criminal jurisdiction of the County Court of Comal County and provided that the district court of said county shall have and exercise all the civil and criminal jurisdiction theretofore vested in said county court by the Constitution and laws, and not divested by said act.

Comal County is one of the counties composing the 22nd Judicial District of Texas (Article 199, Vernon's Annotated Civil Statutes), and such judicial district is required by Article 322, Vernon's Annotated Civil Statutes, to elect a District Attorney.

Article 5, Section 21, of the State Constitution, provides in part:

". . . The county attorney shall represent the State in all cases in the district and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a district attorney, the respective duties of district attorneys and county attorneys shall in such counties be regulated by the legislature. . ."

Referring to this provision of the Constitution it is stated in Texas Jurisprudence, Volume 15, page 400:

"This provision has been construed as not prescribing the duties of the district attorney, nor any duties for county attorneys other than such as are required to be performed for the State. Nor does it give to the county attorney authority to institute a proceeding unless he is given that power by statute.

346

"The term 'duties' as used in the conditional provision above set forth has been declared to comprehend the further idea of power or authority; and hence the county attorney is said to have no authority to perform an act in respect to which no duty has been made to devolve upon him."

It will be noted as above indicated, that Comal County is included in a district in which there is a district attorney.

Article 25, Vernon's Annotated Code of Criminal Procedure, provides in part:

"Each district attorney shall represent the State in all criminal cases in the district courts of his district, except in cases where he has been, before his election, employed adversely. . ."

Article 1061, Vernon's Annotated Code of Criminal Procedure, provides:

"District and county attorneys shall be allowed the following fees in cases tried in the district or county courts, or a county court at law, to be taxed against the defendant: for every conviction under the laws against gaming, where no appeal is taken, or when, on appeal, the judgment is affirmed, $15.00.

"For every other conviction in cases of misdemeanor, where no appeal is taken, or when on appeal the judgment is affirmed, $10.00."

Article 3886f, Vernon's Annotated Civil Statutes, reads in part as follows:

"From and after January 1, 1936, in all Judicial Districts in this State, the District Attorney in each such District shall receive from the State as pay for his services the sum of Four Thousand Dollars ($4,000) per year, which said Four Thousand Dollars ($4,000) shall include the Five Hundred Dollars ($500) salary per year now allowed such District Attorneys by the Constitution of this State; providing that in all Judicial Districts in this State composed of two (2) or more counties in one (1) of which such counties there is a city containing the population of not less than ninety thousand (90,000) inhabitants according to the last preceding Federal Census, the District Attorney of such District shall receive

Honorable A. J. Luckett, page 4

from the State as pay for his services the sum of Five
Thousand Five Hundred Dollars ($5,500) per year, which
said Five Thousand Five Hundred Dollars ($5,500) shall
include the Five Hundred Dollars ($500) salary per year
now allowed such District Attorneys by the Constitution
of this State. Such salary shall be paid in twelve (12)
equal monthly installments upon warrants drawn by the
Comptroller of Public Accounts upon the State Treasury.
Provided that nothing in this Act shall be construed so
as to deprive District Attorneys of the expense allowance
allowed or which may hereafter be allowed by law.

". . .

"Sec. 3. All fees, commissions and perquisites
which may be earned and collected by District Attorneys
affected by this Act shall be paid into the County Treasury
of the counties in which such fees are earned for the ac-
count of the proper fund.

". . ."

Section 5 of Article 3912e, Vernon's Annotated
Civil Statutes, provides that:

"It shall be the duty of all officers to charge
and collect in the manner authorized by law all fees
and commissions which are permitted by law to be assessed
and collected for all official service performed by them.
. . ."

In view of the foregoing statutes, you are respect-
fully advised, that it is the opinion of this department that
the district attorney cannot personally retain the attorney
fees paid in misdemeanor cases tried in the district court.
Said fees should be collected and paid into the county treasury
for the account of the proper fund. Considering Section 3 of
Article 1626 and Section 3 of Article 1628, Vernon's Annotated
Civil Statutes, the proper fund in which these fees should be
paid is the general fund, if not otherwise appropriated by the
commissioners' court.

It is stated in your letter that the "district attorney is paid a salary by both state and county". We know of no law authorizing the county to pay any part of the salary of the district attorney, and this opinion is not to be construed as holding that Comal County is authorized to pay a part of the salary of the district attorney. In fact, we do not know of any statute that provides any compensation for the district attorney for his services as such except Art. 3886f, supra.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     *Ardell Williams*

Ardell Williams
Assistant

AW:AMM

APPROVED JUL 9, 1942

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN